UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 06-CV-5672 (JFB)

---

ROMAN KEVILLY,

Petitioner,

VERSUS

SUSAN A. CONNELL, SUPERINTENDENT OF ONEIDA CORRECTIONAL FACILITY,

Respondent.

---

**MEMORANDUM AND ORDER**
March 19, 2009

---

JOSEPH F. BIANCO, District Judge:

Roman Kevilly (hereinafter, "Kevilly" or "petitioner") petitions this Court for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, to vacate his conviction for one count of Robbery in the First Degree and one count of Kidnapping in the Second Degree. Kevilly challenges his conviction on the following grounds: (1) he was never properly charged with a crime by a felony complaint; (2) he was never properly arraigned or "held for the action of the grand jury"; (3) he was never properly indicted; (4) he never consented to prosecution; (5) there was never a warrant of arrest issued for him; (6) his right to a speedy trial was violated; (7) the Nassau County Criminal Court lacked jurisdiction to try his case; and (8) "the alleged crime scene does not exist." On May 20, 2008, Susan A. Connell ("respondent") moved to dismiss the petition for lack of timeliness. On November 21, 2008, petitioner moved this Court to hold an evidentiary hearing pursuant to 28 U.S.C. § 2254.[1]

For the reasons set forth below, petitioner's motion for a hearing is denied, respondent's motion to dismiss is granted, and

---

[1] Petitioner also submitted a motion to remove to this Court a motion he brought in Nassau County Criminal Court on February 7, 2008, pursuant to N.Y. Criminal Procedure Law § 440.10, to vacate his conviction. However, it is axiomatic that federal district courts may only entertain a challenge to a conviction rendered in state court pursuant to 28 U.S.C. § 2254 on a petition for a writ of *habeas corpus* and therefore, petitioner's motion to remove his N.Y. Criminal Procedure Law § 440.10 motion to this Court is denied for lack of subject matter jurisdiction.

the petition is dismissed. Specifically, petitioner's conviction became final on November 30, 1998 and, although he had a motion for collateral relief pending at that time in state court and made other collateral motions from 1999-2002 that tolled the limitations period during their pendency, all those collateral motions in state court were decided by June 12, 2002. Thus, even assuming *arguendo* that petitioner's clock did not start running until June 12, 2002, his one-year limitations period expired on June 12, 2003. No collateral motions were filed or pending in state court during that one-year period. Instead, the next action taken by petitioner was to file a *habeas* petition, dated September 30, 2004, which was well over one year after the statute of limitations period had expired. That petition was withdrawn without prejudice on April 28, 2005, and petitioner brought the instant petition on September 25, 2006. Therefore, the initial petition and, of course, this petition are untimely. Moreover, the Court concludes that there is no basis for equitable tolling. Accordingly, the petition must be dismissed as time-barred.

I. BACKGROUND

On May 28, 1992, a felony complaint was filed in Nassau County, charging petitioner with Robbery in the First Degree. On June 2, 1992, a warrant was issued for his arrest. Petitioner was indicted on November 9, 1992 on one count of Robbery in the First Degree [N.Y. State Penal Law § 1160.15(4)] and one count of Kidnapping in the Second Degree [N.Y. State Penal Law § 135.20]. Petitioner was ordered to appear for arraignment on November 9, 1992 and, after he failed to do so, the Nassau County Criminal Court issued a second warrant for his arrest.

Petitioner was not located until June 19, 1996, when he was arrested while in custody at the J. Ruben Long Detention Center in Conway, South Carolina. On November 18, 1996, following a jury trial, petitioner was convicted on both counts in the indictment against him. He was sentenced on December 17, 1996 to concurrent indeterminate terms of six to eighteen years imprisonment.

On February 3, 1997, petitioner filed a *pro se* motion to vacate his conviction pursuant to N.Y. Criminal Procedure Law § 440.10 ("Section 440") with the trial court, arguing the following: (1) newly-discovered evidence proved his innocence; (2) the Nassau County Criminal Court lacked jurisdiction over his case; (3) improper summation remarks by the prosecutor denied him the right to a fair trial; (4) the prosecutor knowingly elicited fraudulent and perjured testimony from hearing and trial witnesses, resulting in his conviction; and (5) the prosecutor withheld a prior statement of the victim. On September 22, 1997, the trial court denied his motion. On November 25, 1998, the Appellate Division, Second Department ("Appellate Division") denied petitioner's leave to appeal from the trial court's denial. On February 3, 1999, the New York Court of Appeals denied petitioner's motion for leave to appeal that decision on the Section 440 motion. *People v. Kevilly*, 93 N.Y.2d 854 (N.Y. 1999).

Petitioner also appealed his December 17, 1996 conviction to the Appellate Division, arguing that (1) his guilt was not sufficiently proven; (2) improper photographic identification by the complainant tainted his in-court identification testimony; (3) the prosecutor withheld *Rosario* materials; (4) improper summation remarks by the prosecutor denied him the right to a fair trial; and (5) he was prejudiced by the ineffective assistance of counsel. By decision issued on

April 6, 1998, the Appellate Division affirmed petitioner's conviction. *People v. Kevilly*, 249 A.D.2d 328 (N.Y. App. Div. 1998). On September 1, 1998, the New York State Court of Appeals denied petitioner's application for leave to appeal. *People v. Kevilly*, 249 A.D.2d 328 (N.Y. App. Div. 1998), *leave to appeal denied*, 92 N.Y.2d 922 (N.Y. 1998). Petitioner did not seek direct review of his conviction by the United States Supreme Court.

On November 16, 1999, petitioner filed an application for a writ of *coram nobis* error seeking to vacate the February 24, 1998 decision by the Appellate Division on the grounds of ineffective assistance of appellate counsel.[2] That motion was denied by the Appellate Division on February 22, 2000. *People v. Kevilly*, 269 A.D.2d 544 (N.Y. App. Div. 2000).

On August 29, 2000, petitioner filed a motion for a writ of *habeas corpus* in New York State, which was denied on October 6, 2000. Petitioner then filed a motion for a writ of mandamus and prohibition, which the Appellate Division denied on October 9, 2001. Petitioner next took action with respect to his conviction in 2002, when, in a motion returnable on April 24, 2002, he requested that the trial court dismiss the felony complaint originally filed against him on May 28, 1992 and the entire related criminal action. On June 12, 2002, the trial court denied petitioner's motion.

Petitioner took no subsequent action challenging his conviction from June 12, 2002 until September 30, 2004, when he filed an application for a writ of *habeas corpus* in the United States District Court for the Eastern District of New York, which was assigned to Judge Hurley. On November 16, 2004, the respondent moved to dismiss his petition as untimely. On April 18, 2005, Judge Hurley issued a Memorandum of Decision and Order noting that, although petitioner incorrectly labeled his petition under 28 U.S.C. § 2241, the Court was prepared to treat it as a petition under 28 U.S.C. § 2254, but provided petitioner with an opportunity, in light of that ruling, to advise the Court whether he was withdrawing his petition or continuing under Section 2254. On April 25, 2005, petitioner filed a motion to withdraw his petition without prejudice, which the court granted by Order dated April 28, 2005, and the case was closed. *See Kevilly v. Connell*, 04 Civ. 4309 (DRH) (E.D.N.Y. May 4, 2005).

Petitioner then filed another Section 440 motion in state court on June 28, 2006, asking the trial court to vacate the judgment against him on the grounds that the court had lacked jurisdiction in his criminal action and, further, he was denied his right to a speedy trial under applicable federal and state law. By order dated February 26, 2007, the trial court denied his motion and the Appellate Division denied petitioner leave to appeal that decision on April 20, 2007. On January 24, 2008, petitioner filed a motion before the trial court pursuant to N.Y. C.P.L.R. § 5015(a)(4), seeking vacatur of the judgment against him on the grounds that his attorney in the criminal action improperly waived his right to

---

[2] Although the date of that motion is unclear from petitioner's response to the instant motion, his papers in response to the motion to dismiss the initial *habeas* action before Judge Hurley make clear that the date was November 16, 1999. (*See* Petitioner's Reply Opposition to Respondent's Motion to Dismiss, 04-CV-4309, at (ii).) In any event, that date is not dispositive to the Court's conclusion that the petition is time-barred, for the reasons discussed *infra* – namely, the petition is time-barred regardless of the date that motion was filed.

3

challenge the indictment against him. That motion appears to remain pending in the trial court.

On September 25, 2006, *pro se* petitioner filed the instant application before this Court for a writ of *habeas corpus*.³ On May 20, 2008, the respondent filed a motion to dismiss the petition as untimely. On July 21, 2008, petitioner filed a motion to vacate and, on November 21, 2008, a reply and a motion for an evidentiary hearing. On December 3, 2008, respondent filed an opposition to the motion for an evidentiary hearing. On March 16, 2009, petitioner submitted a letter to the Court advising it that he had filed a motion, dated February 25, 2009, with the New York State Court of Appeals that was returned to him by the Clerk's Office of that Court.

The Court has fully considered all of the submissions of the parties.

II. DISCUSSION

Respondent seeks to dismiss the instant *habeas corpus* petition because petitioner failed to file it within the applicable statute of limitations provided by 28 U.S.C. § 2244(d)(1). For the reasons set forth below, this Court concludes that Kevilly's petition is clearly untimely under Section 2244(d)(1) and that there is no basis for equitable tolling.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on state prisoners seeking *habeas corpus* review in federal court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of:

> (A) the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). Pursuant to the

---

³ Though the petition was filed in the Clerk's office on September 27, 2006, the Court deems the petition filed on September 25, 2006, the date on which it was signed. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (holding that the notice of appeal of a *pro se* incarcerated litigant is deemed filed when delivered to prison officials for mailing); *see also Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir. 2001) (concluding "that the district court properly extended the prison mailbox rule to petitions for writs of *habeas corpus*."). Similarly, the Court has used the date that the initial petition before Judge Hurley was signed (September 30, 2004), rather than the date it was filed (October 5, 2004).

AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The Second Circuit has held that a state court application or motion for collateral relief is "'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 217, 220-21 (2002); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Gant v. Goord*, 430 F. Supp. 2d 135, 137 (W.D.N.Y. 2006).

In the instant case, because subsections (B) through (D) of Section 2244(d)(1) are inapplicable, the statute of limitations began to run on the date petitioner's conviction became final, pursuant to Section 2244(d)(1)(A). On September 1, 1998, the New York State Court of Appeals denied petitioner's application for leave to appeal. Pursuant to Supreme Court Rule 13(1), the time for petitioner to seek review in the United States Supreme Court expired ninety days later. *See Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001) ("[A] petitioner's 'conviction bec[omes] final for [AEDPA] purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expire[s].'") (quoting *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998) (alterations in original)). Accordingly, petitioner's conviction became final and the one-year limitations period began to run on November 30, 1998.

As noted above, the Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the time during which a petitioner filed writs of *coram nobis*, or other post-conviction applications to the state court, is not counted for statute of limitations purposes and, thus, tolls the clock. *See* 28 U.S.C. § 2244(d)(2). In the instant case, at the time petitioner's conviction became final, petitioner was already litigating a Section 440 motion, which was denied by the Appellate Division in November of 1998, and leave to appeal was denied by the New York Court of Appeals on February 3, 1999. Therefore, the one-year limitations period was tolled from the date his conviction became final, until the New York Court of Appeals decision on February 3, 1999 denying leave to appeal his Section 440 motion. *See, e.g., Sullivan v. New York State Dep't of Corr. Servs.*, No. 07 Civ. 7177 (SHS) (FM), 2008 WL 4493602, at *5 (S.D.N.Y. Aug. 14, 2008) (tolling AEDPA limitations period where motion for collateral relief was pending when conviction became final); *Ramos v. Walker*, 88 F. Supp. 2d 233, 236 (S.D.N.Y. 2000) (holding that "the Section 2244(d)(2) toll ends as soon as the applicant's post-conviction proceeding no longer is pending in the state courts without regard to the possible availability of a writ of certiorari from the Supreme Court."). Petitioner filed another collateral state court motion on November 16, 1999, which was an application for a writ of *coram nobis* error seeking to vacate the February 24, 1998 decision by the Appellate Division on the grounds of ineffective assistance of appellate counsel. Therefore, the limitations clock ran from February 3, 1999 to November 16, 1999 – a period of 285 days. The clock was then tolled until that motion was denied by the Appellate Division on February 22, 2000. At that time, when the clock began to run again, petitioner had 80 days left on his one-year limitations period, or until May 13, 2000. However, petitioner did not file his federal *habeas* petition by that date and took no further action in state court until August 29, 2000 when he filed a motion for a writ of *habeas corpus* in New York State

5

(which was denied on October 6, 2000). Therefore, by August 29, 2000, his one-year limitations period had already expired and thus, any purported tolling periods from collateral state court motions subsequent to that date are irrelevant because the one-year period had already passed. *See, e.g., Perez v. Bennett*, No. 99 Civ. 2475 (SAS), 1999 WL 553782, at *2 (S.D.N.Y. July 29, 1999) ("From April 24, 1996 until March 1998, however, petitioner did not take any action in the state or federal courts. Thus, by the time that petitioner filed his second Rule 440 motion in or around March 1998, he was already time barred . . . from filing any § 2254 petition.") (citation omitted). Petitioner did not submit his first *habeas* petition to this Court until September 30, 2004, at which point the statute of limitations had already expired and, of course, his current petition, submitted on September 25, 2006, is also untimely.

Even assuming *arguendo* that the one-year limitation clock was tolled from the date his conviction became final on November 30, 1998 and did not run at all until June 12, 2002, when petitioner completed his flurry of successive and periodic collateral motions in the New York State courts, petitioner's *habeas* is still untimely because he took absolutely no action after June 12, 2002 in state court or federal court for over fifteen months, until he filed his first *habeas* in this Court on September 30, 2004. Therefore, if the one-year statute of limitations was tolled such that not a single day passed until June 12, 2002, petitioner still failed to file his petition for a writ of *habeas corpus* within one year by June 12, 2003. In short, under any calculation, the statute of limitations had clearly run by the time petitioner filed his first *habeas* in this Court and, *a fortiori*, by the time he filed the instant petition. Thus, any tolling for subsequent collateral motions in state court in 2006 and 2008 are completely irrelevant because the clock had already run. In other words, because his original petition was untimely, any collateral motions filed thereafter do not toll any statute of limitations so as to save the instant petition.[4]

Accordingly, the Court concludes that both the first petition before Judge Hurley, and the instant petition, are untimely.

However, although the instant petition is untimely, in "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) he must demonstrate that "extraordinary circumstances prevented him from filing his petition on time"; and (2) he must have "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17. The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 37 (2d Cir. 2002).

In the instant case, petitioner has failed to demonstrate that "extraordinary circumstances" prevented him from properly

---

[4] The Court notes that "[i]t is well-settled that post conviction or other collateral review does not start the one year statute of limitations to run anew." *Stokes v. Miller*, 216 F. Supp. 2d 169, 172 n.3 (S.D.N.Y. 2000) (citing *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam), *cert. denied*, 531 U.S. 840 (2000)); *see also Doyle v. Yelich*, No. 05-CV-2750 (JG), 2005 WL 2475727, at *1 (E.D.N.Y. Oct. 7, 2005) ("Properly filed applications for state post-conviction relief toll the limitations period, but they do not reset the portion of the limitations period that has already run.").

filing his *habeas corpus* motion between February 22, 2000 and May 13, 2000, or between June 12, 2002 and June 12, 2003, or for any other period he seeks to toll. He only states, with regard to the 2000 period, that he "executed motions, and letters for trial records 4/1/00" and, with regard to the 2002-2003 period, that "between April 2001 and June 2002, [he] executed several letter requests and motions [seeking court records] in the Nassau County Courts, Clerks Office, and County Clerks Office with little if any favorable responses, and on June 26, 2002 the trial judge denied [his] motion for a copy of the trial transcript." (Petitioner's Affidavit in Support dated December 25, 2006 ¶¶ 27, 30.) However, "[e]ven if [petitioner] did not have all the necessary materials or experienced a delay in obtaining them, those are not extraordinary circumstances warranting equitable tolling. Moreover, even if the delays in receiving whatever documents he believed necessary could be considered extraordinary, [petitioner] has not shown that he made any effort to file his petition without them . . . ." *Padilla v. United States*, Nos. 02 Civ. 1142 (CSH), 94 CR. 313 (CSH), 2002 WL 31571733, at *4 (S.D.N.Y. Nov. 19, 2002); *see Davis v. McCoy*, No. 00 CIV. 1681 (NRB), 2000 WL 973752, at *2 (S.D.N.Y. July 14, 2002) (petitioner's lack of access to necessary court papers for two years did not constitute an extraordinary circumstance); *Fadayiro v. United States*, 30 F. Supp. 2d 772, 779 (D.N.J. 1998) (inability to obtain transcripts and other records needed for *habeas* petition did not rise to the level of "extraordinary circumstances" so as to justify equitable tolling). Therefore, under the circumstances of this case, petitioner's affirmation that he had difficulty in obtaining the "meaningful records" required to attack the judgment of the trial court does not provide a basis for equitable tolling.[5]

---

[5] On October 25, 2002, petitioner filed a civil action in the United States District Court for the Eastern District of New York pursuant to 42 U.S.C. § 1983, asserting that his conviction in state court violated his constitutional rights. That action remains pending. Even assuming *arguendo* that petitioner was to argue that the filing and pendency of this suit tolled the relevant statute of limitations, such an argument would fail, as the provisions of 28 U.S.C. § 2244(d)(2) apply only to post-conviction relief and collateral review sought in *state* court. *Duncan v. Walker*, 533 U.S. 167 (2001); *see also Lopez v. Dretke*, No. Civ. A. 4:03-CV-1202, 2004 WL 579651, at *1 (N.D. Tex. Feb. 26, 2004) ("[Petitioner's] civil action for monetary damages under 42 U.S.C. § 1983 did not constitute an 'application for State post-conviction or other collateral review with respect to the pertinent judgment' as cited in § 2244(d)(2)."); *Martin v. Jackson*, 152 F. Supp. 2d 1114, 1118 (N.D. Ind. 2001), *aff'd*, 298 F.3d 669 (7th Cir. 2002) (filing of a federal lawsuit under § 1983 does not toll § 2244(d)(1)). Moreover, even assuming *arguendo* that petitioner did not file a *habeas corpus* petition because petitioner erroneously thought the filing of this civil suit would reset the *habeas* clock, that excuse would fail to satisfy his burden of demonstrating "rare and exceptional" circumstances that would justify equitable tolling. *See, e.g., Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (holding that petitioner's *pro se* status does not warrant equitable tolling); *Forbes v. Walsh*, No. 04-CV-5076 (LAK) (AJP), 2007 WL 54792, at *4 (S.D.N.Y. Jan. 9, 2007) ("[T]hat [petitioner] was ignorant of the law and had to rely on other inmates for help – are not 'extraordinary,' as they apply to most inmates."); *Doyle v. Yelich*, No. 05 Civ. 2750 (JG), 2005 WL 2475727, at *2 (E.D.N.Y. Oct. 7, 2005) (holding petitioner's *pro se* status and ignorance of the law do not warrant equitable tolling); *Lu v. Phillips*, No. 03-CV-2558 (RJD), 2005 WL 1889461, at *2 (E.D.N.Y. Aug. 4, 2005) ("[L]ack of proficiency in English . . . and lack of expertise do not constitute

Finally, with respect to petitioner's first *habeas* petition, the Supreme Court has made clear that the tolling provision of Section 2244(d)(2) only applies to applications for state remedies and, thus, Section 2244(d)(2) does not toll the period during which a prior *habeas* petition was filed. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001); *see also Rodriguez v. Bennett*, 303 F.3d 435, 438 (2d Cir. 2002) ("The district court was entirely correct in ruling that 28 U.S.C. § 2244(d)(2) does not toll the period during which Rodriguez's prior federal *habeas* petition was pending."). However, the Second Circuit has further noted that, under such circumstances, a court must still consider equitable tolling. *See Rodriguez*, 303 F.3d at 438 ("[T]he fact that § 2242(d)(2) does not cause exclusion of the federal petition's time of pendency does not necessarily exclude the possibility of discretionary tolling on equitable grounds. Even though a petition is not entitled to the automatic tolling mandated by § 2244(d)(2), under appropriate circumstances the petitioner may be entitled to equitable tolling.").

In the instant case, the filing of the first *habeas* petition in 2004 does not provide a basis for equitable tolling because, as discussed in detail *supra*, petitioner's one-year limitation period had already expired at the time he filed that first petition. *See, e.g., Granado v. Evans*, No. C 07-04596 (JF) (PR), 2009 WL 498351, at *3 (N.D. Cal. Feb. 26, 2009) ("Petitioner's first federal habeas petition was filed *after* the limitation period had already expired as discussed above. Accordingly, Petitioner has set forth no basis to justify that an 'extraordinary exclusion' should apply to him to save the instant petition from being untimely."); *see also Young v. Kyler*, No. 05-3697, 2006 WL 559216, at *6 (E.D. Pa. Mar. 3, 2006) ("First and foremost, even assuming *arguendo* that his habeas petition should equitably be deemed filed on January 28, 2004, his federal statute of limitations had already expired . . . . Because petitioner failed to submit any timely federal filing, he is not entitled to equitable tolling . . . .") (citation omitted); *see also Sanders v. Bell*, No. 1:07-CV-924, 2008 WL 4057818, at *6 (W.D. Mich. Aug. 28, 2008) ("Petitioner's application would be time barred *even if* the statute of limitations period was tolled during the pendency of his first habeas petition.").

In short, petitioner has not presented any grounds that warrant equitable tolling, nor has he made a showing of actual innocence. *See Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003) (holding that it was in error to dismiss a petition claiming actual innocence, on statute of limitations grounds, without further analysis). Further, with regard to petitioner's motion for an evidentiary hearing, he has made absolutely no showing that his

---

'extraordinary circumstances' justifying equitable tolling."); *Williams v. Breslin*, No. 03-CV-1848 (RWS), 2004 WL 2368011, at *6 (S.D.N.Y. Oct. 20, 2004) (holding that a lack of legal knowledge cannot excuse a delay in filing a petition); *Ayala v. Miller*, No. 03-CV-3289 (JG), 2004 WL 2126966, at *2 (E.D.N.Y. Sept. 24, 2004) ("Neither a prisoner's *pro se* status, nor his lack of legal expertise, provides a basis for equitable tolling of AEDPA's statute of limitations."); *Martinez v. Kuhlmann*, No. 99-CV-1094 (MBM), 2000 WL 622626, at *3 (S.D.N.Y. May 15, 2000) (holding difficulty with English and inability to find other prisoners to assist with claim not "extraordinary"). Moreover, even if petitioner had demonstrated extraordinary circumstances, petitioner has failed to establish that he acted with reasonable diligence during the entire period he seeks to toll. In fact, petitioner's one-year period had already expired on May 13, 2000, long before he filed the Section 1983 claim.

claim relies upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). Specifically, there is no need for an evidentiary hearing in this case because it is abundantly clear from the record that, under any possible calculation, the petition is time-barred and there are no grounds for equitable tolling. Accordingly, the motion for an evidentiary hearing is denied and the petition is dismissed as time-barred.[6]

---

[6] In any event, even if the petition were timely, the petition is completely without merit because all of the grounds raised by petitioner – all relating to purported defects in the felony complaint, grand jury proceedings and indictment, and the alleged state speedy trial violation resulting therefrom – are not cognizable on *habeas* review. *See, e.g., Dwyer v. Duval*, 23 F.3d 394, 394 (1st Cir. 1994) (rejecting *habeas* claim based on invalidity of a conviction due to lack of seal on indictment); *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) (finding that claims brought in a state grand jury proceeding are not cognizable in a collateral attack brought in federal court); *Gaines v. Senkowski*, Nos. 03-CV-3747, 03-CV-3748, 2006 WL 3197155, at *5 (E.D.N.Y. Nov. 3, 2006) (stating that "any deficiencies in the grand jury proceedings were rendered harmless by Petitioner's conviction at trial by a jury assessing Petitioner's guilt under a heightened standard of proof and thus would not entitle Petitioner to habeas relief"); *Norwood v. Hanslmaier*, No. 93 Civ. 3748 (NG), 1997 WL 67669, at *2 (E.D.N.Y. Feb. 11, 1997) (finding that denial of defendant's right to testify in the grand jury and lack of foreperson's signature on indictment did not raise federal constitutional claims); *see also Cummings v. Burge*, 581 F. Supp. 2d 436, 445 (W.D.N.Y. 2008) ("To the extent that Cummings alleges a denial of his statutory rights under C.P.L. § 30.30, that claim is not cognizable on habeas review.")

## III. CONCLUSION

For the foregoing reasons, the petition for a writ of *habeas corpus* is dismissed as time-barred. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:     March 19, 2009
               Central Islip, New York

\* \* \*

Petitioner appears *pro se*. Attorney for Respondent is Cristin N. Connell of the Nassau County District Attorney's Office, 262 Old Country Road, Mineola, New York 11501.